No. 41,050

Pauline A. Nelson, Guardian of Ruby Patterson, an Incompetent Person, *Appellant,* v. John A. Hein, *Appellee.*

(327 P. 2d 1028)

Opinion filed July 7, 1958.

*Walter J. Kennedy,* of El Dorado, argued the cause, and *W. H. Coutts, Jr.* and *W. H. Coutts, III,* of El Dorado, were with him on the briefs for appellant.

*D. M. Ward,* of Peabody, argued the cause and was on the briefs for appellee.

The opinion of the court was delivered by

Fatzer, J.: On February 18, 1924, Ruby Patterson was adjudged incompetent by the probate court of Butler County and was ordered confined to the State Hospital at Osawatomie for care and treatment. She is still incompetent, but at the present time is an out-patient of the hospital.

On August 20, 1942, Doris Patterson, a daughter of the incompetent, was appointed guardian of her estate. As guardian, Doris Patterson received $1,032.32 in cash and lots 134 and 135 in Liberty Park Addition to the City of El Dorado as property belonging to the incompetent person.

In the spring of 1944 Butler County commenced a tax foreclosure proceeding pursuant to G. S. 1941 Supp. 79-2801, *et seq.*, against certain tracts, lots and parcels of real estate in that county, including the two lots above described. The pleadings listed Doris Patterson, guardian of the estate of Ruby Patterson, as a defendant. Personal service of summons was had upon the incompetent in the state hospital, and upon the guardian in Butler County. On June 17, 1944, Doris Patterson married the defendant John A. Hein. She did not inform the district court of the change in her name.

On June 27, 1944, the district court rendered a judgment foreclosing the tax liens on the two lots in question and ordered the property sold to satisfy the judgment. On August 16, 1944, pursuant to the order of sale, the two lots were sold to John and Doris Hein. On August 23, 1944, the district court confirmed the sale and ordered a sheriff's deed executed and delivered to John and Doris Hein. The district court was not advised that it was in fact confirming the sale of property of an incompetent person to her guardian and to the guardian's spouse.

Doris Patterson Hein continued to act as guardian until her death on December 26, 1954.

On February 9, 1955, Pauline A. Nelson, the plaintiff in this action and a sister of Doris Patterson Hein, deceased, was appointed guardian of the estate of the incompetent person.

On August 15, 1957, over two and a half years following her appointment, and lacking one day of thirteen years following the sale of the two lots, Pauline A. Nelson commenced this action; the petition being in three causes. The first was to quiet title to the real property; the second was in ejectment to recover immediate possession thereof, and the third was for an accounting of rents and profits from August 23, 1944, to August 15, 1957. The defendant's demurrer on the ground that the petition did not state facts sufficient to constitute any of the causes of action and that a statute of limitations applied, was sustained. Plaintiff has appealed and specifies as error the district court's ruling on the demurrer.

Without summarizing the allegations of the petition it may be

stated that the first cause of action was a collateral attack upon the jurisdiction of the district court to render the tax foreclosure judgment, and sought to vacate and set aside the sale of the real property on August 16, 1944, and the sheriff's deed of August 23, 1944. In order that plaintiff maintain her second and third causes of action it is necessary that she allege facts sufficient, which, if proved, would permit the court to enter its order quieting title under the first cause of action. It was not alleged that constructive trust arose as a result of the purchase of the property by the fiduciary, Doris Hein, and her surviving husband, thus imposing upon him an equitable duty to convey the property to the plaintiff by reason of its wrongful acquisition and retention. Rather, plaintiff framed her petition so that it alleged a defect of some thirteen years standing in the tax foreclosure proceedings as a ground for quieting title.

Our decisions do not permit such a collateral attack. In *Shell Oil Co. v. Board of County Comm'rs,* 171 Kan. 159, 231 P. 2d 220, it was said:

"Despite our holding that defendant was not an eligible purchaser at the sheriff's sale, and irrespective of whether the sale, confirmation thereof and the deed be considered void or merely voidable—we are of the opinion plaintiff's action was brought too late. Considering the confirmation of the sale to be an absolutely void 'judgment,' it may be argued that under the provisions of G. S. 1949, 60-3009, it could be vacated at any time on motion of a party or any person affected thereby. On the other hand, reference is made to G. S. 1949, 60-303, which provides:

" 'Civil actions can only be commenced within the periods prescribed in this article, after the cause of action shall have accrued; but where, in special cases, a different limitation is prescribed by statute, the action shall be governed by such limitation.'

"Under G. S. 1941 Supp. 79-2804b, every action, either legal or equitable, to open, vacate, modify or set aside any judgment rendered for taxes, or any order of sale made thereunder, including those actions brought on the grounds and in the manner prescribed by the code of civil procedure, must be commenced within six months after the date of confirmation of sale, and the provisions of this section apply to all judgments, orders of sale and sales, whether the purchaser be the county or an individual. We think the clear intention of the statute is to supersede any and all other provisions of the code insofar as they may relate to actions to vacate, modify or set aside judgments, orders of sale and sales in tax foreclosure proceedings. The statute fixes a definite time within which such an action may be brought. The legislature had authority to make such a limitation and there was a good purpose in its doing so, namely, that purchasers at tax foreclosure sales would know a limitation of time within which the proceedings might be attacked. To hold otherwise would merely introduce confusion and unsettle every title growing

out of a tax foreclosure action. Every title examiner would pause when confronted with a title derived from tax foreclosure proceedings, notwithstanding the statute (G. S. 1941 Supp. 79-2804) states the deed shall convey a fee simple title. Purchasers at tax foreclosure sales could never be certain whether they were purchasing fee simple titles or prospective lawsuits. We think the legislature clearly intended to remove, after the passage of the time prescribed by the statute, the uncertainty which has been conceded by everyone to exist with reference to tax titles." (pp. 167, 168.)

This case was reaffirmed in *Phillips Petroleum Co. v. Moore,* 179 Kan. 482, 297 P. 2d 183, where it was held:

"Where a district court in a tax foreclosure action has acquired jurisdiction of the parties shown by the record to have any interest or title in real estate to be affected, and a petition in such action alleges taxes are unpaid and such real estate has been sold and bid in at a delinquent tax sale, a question of fact is alleged, and, if the owner claims no tax is unpaid, it is a matter of defense which should be pleaded to be available. If such defense is not presented and the district court renders judgment for the amount of the taxes alleged to be unpaid, together with interest, charges and penalties against the real estate described, such judgment is final and conclusive unless corrected or modified on appeal, or by such other method as may be prescribed by the statute and it cannot be collaterally attacked otherwise." (Syl. ¶ 4.)

Any jurisdictional defect implicit in the judgment and deed of tax foreclosure resulting from Doris Patterson's marriage to the defendant, has long since ceased to be the occasion for a collateral attack on the judgment, sale, and sheriff's deed of August 23, 1944.

In accordance with the judgment of the district court plaintiff may further plead, but the record presented requires an affirmance of the order sustaining the demurrer to the petition.

The judgment is affirmed.